UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **LEE ROY WARREN** | **CIVIL ACTION NO. 3:13-cv-2844** |
|     **LA. DOC #460819** | |
| **VS.** | **SECTION P** |
| | **JUDGE ROBERT G. JAMES** |
| **WARDEN BURL CAIN** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

*Pro se* petitioner Lee Roy Warren, an inmate in the custody of Louisiana's Department of Corrections, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on October 9, 2013. Petitioner attacks his November 7, 2002, convictions for attempted murder and armed robbery and the hard labor sentences imposed by the Fourth Judicial District Court, Ouachita Parish in the matter entitled *State of Louisiana v. Lee Roy Warren*, Docket No. 02-F0432. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be deemed **SUCCESSIVE** and that it be **TRANSFERRED** to the United States Fifth Circuit Court of Appeals.

*Background*

On February 25, 2002, petitioner, along with three co-defendants, was indicted by the Ouachita Parish Grand Jury and charged with attempted second degree murder, armed robbery, and aggravated kidnapping in Case number 02-F0432 of the Fourth Judicial District Court. [Doc. 1-2, p. 2] On November 7, 2002, he pled guilty to the charges of attempted second degree murder and armed robbery. The kidnapping charge was dismissed. [Doc. 1-2, pp. 10-20] Thereafter, on

April 11, 2003, he was sentenced to consecutive sentences totaling 115 years. [Doc. 1, ¶3(c)] He appealed his conviction to the Second Circuit Court of Appeals raising the single claim that his guilty plea was rendered involuntary when the trial court judge failed to advise him of the mandatory minimum and maximum sentences for the offenses. On October 24, 2007 the Second Circuit affirmed his conviction. *State of Louisiana v. Lee Roy Warren*, 42,699 (La. App. 2 Cir. 10/24/2007), 968 So.2d 909.   His application for writs was denied by the Louisiana Supreme Court on May 16, 2008. *State of Louisiana v. Lee Roy Warren*, 2007-2485 (La. 5/16/2008), 980 So.2d 707.

His first round of post-conviction litigation ended unsuccessfully on October 2, 2009. *State of Louisiana ex rel. Lee Roy Warren v. State of Louisiana*, 2008-2732 (La. 10/2/2009), 18 So.3d 111.

On September 16, 2010, he filed a *pro se* petition for writ of *habeas corpus* in this Court raising a single claim for relief – that his guilty plea was involuntary because the trial judge failed to advise him of the minimum and maximum sentence exposure. On February 3, 2011, the undersigned recommended that the petition be dismissed with prejudice because petitioner failed to establish that the decision of the Louisiana Courts on the same issue was an unreasonable application of federal law or was based upon an unreasonable finding of fact. See 28 U.S.C. §2254(d)(1) and (2). On April 7, 2011, United States District Judge Donald E. Walter adopted the recommendation and entered judgment dismissing the petition with prejudice. Judge Walter also denied a Certificate of Appealabilty. Petitioner did not seek further review. *See Lee Roy Warren v. Warden Burl Cain*, No. 3:10-cv-1454 at Doc. 1 (petition), 5 (Report and Recommendation) and 7 (Judgment and Denial of COA).

While his habeas was pending in this Court, and thereafter, petitioner filed two other unsuccessful collateral attacks in the Louisiana courts. *See State of Louisiana ex rel. Lee Roy Warren v. State of Louisiana*, 2010-0404 (La. 2/18/2011), 57 So.3d 325; *State of Louisiana ex rel. Lee Roy Warren v. State of Louisiana*, 2013-0571 (La. 8/30/2013), 120 So.3d 263.

He filed the instant petition on October 9, 2013. He again attacks his convictions for attempted murder and armed robbery; he argues various claims of ineffective assistance of counsel, namely, (1) counsel failed to communicate a plea offer; (2) counsel's advice to plead guilty was erroneous; (3) counsel failed to investigate petitioner's rap sheet; and, (4) the State of Louisiana failed to appoint post-conviction counsel for petitioner.

*Law and Analysis*

Title 28 U.S.C. §2244(b)(3)(A) provides, "Before a second or successive application ... is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  This is the second petition for *habeas corpus* filed by this petitioner. This petition attacks the same convictions and sentences which were the subject of the first petition.  "[A] prisoner's application is not second or successive simply because it follows an earlier federal petition." *In re Cain*, 137 F.3d 234, 235 (5th Cir.1998). Although AEDPA does not set forth what constitutes a "second or successive" application, the Fifth Circuit has long held that "a later petition is successive when it: (1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ." *Id. See also Crone v. Cockrell,* 324 F.3d 833. Petitioner's claims were either raised in his earlier petition or could have been; his first petition was dismissed with prejudice. Therefore, this petition is successive. Petitioner has

not yet received permission from the Court of Appeals to file this successive petition in the District Court as required by the statute and therefore this Court lacks jurisdiction to consider his claims.

*In re: Epps*, 127 F.3d 364 (5th Cir.1997) outlines the procedure to be used when a district court determines that transfer of a successive *habeas corpus* petition to the Court of Appeals is appropriate. Further, transfer is authorized by 28 U.S.C. §1631 which provides in pertinent part, "Whenever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed or noticed, and the action ... shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred." Section 2244(b) divests this Court of jurisdiction to consider petitioner's successive *habeas* petition until such time as the Court of Appeals authorizes such a filing, and therefore, transfer pursuant to 28 U.S.C. §1631 is appropriate.

Therefore,

**IT IS RECOMMENDED** that petitioner's petition be deemed successive and that it be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. §1631 for further proceedings in accordance with the provisions of 28 U.S.C. § 2244(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or

response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

In Chambers, Monroe , Louisiana, November 27, 2013.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE